[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 11, 2009
THOMAS K. KAHN
CLERK

No. 08-14529
Non-Argument Calendar

_____

D. C. Docket No. 91-00111-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNNY JAMES HALL,
a.k.a Johnny Red,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(August 11, 2009)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Johnny James Hall appeals the district court's denial of his *pro se* motion for

a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2). Hall based that motion on

Amendment 706 to the Sentencing Guidelines, which reduced base offense levels

applicable to certain crack cocaine offenses. On appeal, Hall argues that the

district court abused its discretion in determining he was ineligible for a sentence

reduction because nothing in the language of § 3582(c)(2) requires that a

defendant's guideline range actually be lowered by an amendment, but rather the

sentence must only be based on a subsequently lowered range. He further asserts

that any language in the Guidelines removing authorization to reduce a sentence

from the courts would only be advisory in light of *United States v. Booker*, 543

U.S. 220, 125 S. Ct. 738 (2005), and *Kimbrough v. United States*, 552 U.S. 85, 128

S. Ct. 558 (2007). Finally, according to Hall, the district court was required to

consider the 18 U.S.C. § 3553(a) factors in determining whether he qualified for a

sentence reduction.

Following his conviction for three drug-related offenses, the district court

held Hall accountable for five kilograms of crack cocaine at sentencing. The

district court assigned a base offense level of 38 but applied a two-level

enhancement, giving Hall a total offense level of 40.[1] That total offense level,

---

[1] According to the Government's brief on appeal, the district court at sentencing made a mistake in Hall's favor insofar as five kilograms of cocaine base should have yielded a base offense level of 40, not 38.

coupled with a criminal history category of I, rendered a Guidelines range of 292

to 365 months. The district court sentenced Hall to 300 months imprisonment.

"We review a district court's decision whether to reduce a sentence pursuant

to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the sentencing

guidelines, for abuse of discretion." *United States v. Brown*, 332 F.3d 1341, 1343

(11th Cir. 2003) (citation omitted). However, "we review *de novo* the district

court's legal conclusions regarding the scope of its authority under the Sentencing

Guidelines." *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002) (per

curiam) (citation omitted).

A district court generally cannot modify a term of imprisonment after it has

been imposed. *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005) (per

curiam). 18 U.S.C. § 3582(c)(2), however, provides for an exception:

> [I]n the case of a defendant who has been sentenced to a
> term of imprisonment based on a sentencing range that
> has subsequently been lowered by the Sentencing
> Commission pursuant to 28 U.S.C. § 944(o), . . . the
> court may reduce the term of imprisonment, after
> considering the factors set forth in [18 U.S.C. § 3553(a)]
> to the extent that they are applicable, if such a reduction
> is consistent with applicable policy statements issued by
> the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Amendment 706 to the Sentencing Guidelines reduced by

two levels the base offense level for crack cocaine offenses that involved less than

3

4.5 kilograms of crack cocaine. U.S. SENTENCING GUIDELINES MANUAL app. C, amend. 706. However, a movant is not entitled to a resentencing pursuant to Amendment 706 when the provisions of that amendment do not result in a lower base offense level and Guidelines range. *United States v. James*, 548 F.3d 983, 986 (11th Cir. 2008) (per curiam).

Here, the district court did not abuse its discretion in denying Hall's § 3582 motion because he received a base offense level of 38 based on a finding that he was accountable for five kilograms of crack cocaine. After Amendment 706, Hall would still receive a base offense level of 38 because he was held accountable for more than 4.5 kilograms of crack cocaine. *See* U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(c)(1). Therefore, Hall was not entitled to a sentence reduction because Amendment 706 did not lower his base offense level or Guidelines range. *See James* 548 F.3d at 986. Furthermore, Hall's argument that he should be resentenced pursuant to *Booker* and *Kimbrough* is foreclosed by our precedent. *See United States v. Melvin*, 556 F.3d 1190, 1192-93 (11th Cir.) (per curiam) (holding that *Booker* and *Kimbrough* are inapplicable to § 3582(c)(2) proceedings), *cert. denied*, 129 S. Ct. 2382 (2009). Lastly, because Hall was ineligible for a sentence reduction, the district court need not have considered the § 3553(a) factors. *See United States v. Bravo*, 203 F.3d 778, 780-81 (11th Cir. 2000)

(reasoning that the record must demonstrate that the district court considered the § 3553(a) factors only if the court first determines to reduce a defendant's sentence); *see also United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998) ("Second, *in light of the conclusion reached in the first step*, the court must consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence.") (emphasis added). As a result, the district court did not abuse its discretion in denying Hall's § 3582 motion.

Accordingly, we affirm.

**AFFIRMED.**